COPE, J.,
dissenting.
I respectfully dissent. We should reverse the dismissal order.
Count IV of the second amended complaint is the claim for fraud in the inducement. Since the plaintiff has conceded that defendant Carlos Novos is not a party to the contract,* we must disregard that part of Count IV which alleges that Mr. Novos is a contracting party.
After disregarding that allegation, Count IV states:
38.The Plaintiff entered into the contract reasonably relying on the allegations, specifically that the company was properly licensed, made by the Defendant, Carlos Novos in his individual capacity.
39. After entering into the agreement, Plaintiff later learned that Carlos Novos’ State of Florida license and his City of Miami Beach license had been revoked.
40. Defendant, Carlos Novos, knew or should have known that his representations regarding the status of his licenses were false when made.
41. Plaintiff would not have entered into a contract with anyone not properly licensed by the State of Florida and City of Miami Beach.
The plaintiff goes on to explain that the City of Miami Beach issued a notice of violation and “the Plaintiff was forced to hire a certified contractor to obtain the necessary permits and supervise the project at an additional cost to Plaintiff.”
In ruling on a motion to dismiss, the court must construe the allegations in the light most favorable to the plaintiff as the non-moving party. See Marshall v. Amerisys, Inc., 943 So.2d 276, 278 (Fla. 3d DCA 2006).
It has been held that:
To state a cause of action for fraud in the inducement, the Plaintiff must allege (a) a misrepresentation of a material fact; (b) that the representor of the misrepresentation knew or should have known of the statement’s falsity; (c) that the representor intended that the representation would induce another to rely and act on it; and (d) that the plaintiff suffered injury in justifiable reliance on the representation
Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489, 497 (Fla. 4th DCA 2001).
In this case all of the elements have been alleged except for (c), “that the rep- *1162 resentor intended that the representation would induce another [the plaintiff] to rely and act on it[.]” Id. But the defendant has not complained that allegation (c) is missing, electing instead to argue other issues.
Because of Florida’s longstanding policy that controversies should be decided on the merits where possible, we should reverse the dismissal of count IV and remand for further proceedings, with the proviso that the plaintiff must amend to supply the omitted allegation (c).

 Both parties now agree that the contracting parties are plaintiff Blue Supply Corp., and defendant Novos Electro Mechanical, Inc.